UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAIGE KAYNER and CHRISTOPHER EMBREY,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SEATTLE, a municipal corporation; et al.,<br><br>Defendants. | CASE NO. C04-2567-MAT<br><br>ORDER RE: DEFENDANT CITY OF SEATTLE'S MOTION TO COMPEL DISCOVERY RESPONSES |

## I. INTRODUCTION

This matter comes before the Court on defendants' motion to compel discovery responses. Having reviewed pleadings filed in support of and in opposition to the motion, along with the remainder of the record, and, being fully advised, the Court finds and concludes as follows:

## II. BACKGROUND

On January 18, 2004, defendant filed a motion to compel discovery responses propounded on plaintiff September 28, 2005 and originally due October 28, 2005. Defendant had granted the last of several extensions due to expire as of January 17, 2006. Defendant also requested

01  sanctions pursuant to Federal Rule of Civil Procedure 37(a)(4) and (c)(1).  In response, plaintiff

02  asked that the motion be denied as moot because she had delivered the discovery response by e-

03  mail on January 18th (hours after the filing of the motion to compel), and by hand delivery on

04  January 19, 2006.  In reply, Defendant asserts that the submitted discovery responses were

05  incomplete in that plaintiff refused to produce copies of her federal income tax returns as

06  requested.[1]  Defendant asks the Court to compel plaintiff to comply fully with all discovery

07  requests, and seeks an award of sanctions (attorney fees).

08                             III. ANALYSIS

09  A.    Production of Income Tax Returns

10         Under Rule 26(b)(1), each party has the right to discover nonprivileged information

11  relevant to the claim or defense of any party.  To be discoverable, relevant information need not

12  be admissible at trial, but only appear reasonably calculated to lead to the discovery of admissible

13  evidence.

14         While tax returns are not absolutely privileged, "the Ninth Circuit recognizes 'a public

15  policy against unnecessary public disclosure [of tax returns] arises from the need, if the tax laws

16  are to function properly, to encourage taxpayers to file complete and accurate returns.'" *Aliotti*

17  *v. Senora*, 217 F.R.D. 496, 497 (N.D. Cal. 2003) (holding that although plaintiff's tax returns

18  were relevant, defendant had not met its burden of establishing a compelling need) (quoting

19  *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)).  Although

20

21
_____

22
     [1] As this issue was first raised in a reply, plaintiff had no opportunity to respond.  However, for the reasons described below, the Court does not find further briefing necessary.

01 federal courts have deemed tax returns discoverable if relevant,[2] the greater weight of authority

02 concludes that tax returns are subject to at least some level of heightened protection from

03 disclosure. *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 217 (W.D. Va 1997) (noting that only

04 "a minority of courts have held that the sole inquiry governing discovery of tax returns is whether

05 the information contained [therein] is relevant"). Some courts incorporate this more stringent

06 standard for the discovery of tax returns as a qualified privilege, applying a two-prong test looking

07 to whether (1) the tax return is relevant to the subject matter in dispute; and (2) a compelling need

08 exists for the return, because the information sought is not obtainable from other sources. *Id.* at

09 216-17. *See, e.g.*, *Aliotti*, 217 F.R.D. at 497. ("[A] district court may only order the production

10 of a plaintiff's tax returns *if* they are relevant *and* when there is a compelling need for them

11 because the information sought is not otherwise available." (emphasis added)).

12       In the present case, defendant asserts that a request for discovery should be considered

13 relevant if there is any possibility that information sought may be relevant to the subject matter of

14 the action, citing a 1976 case. *See Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp.

15 416, 422 (E.D. Wash. 1976) (construction case with contract and tort claims where disputed

16 discovery issue was relevance of employee deposition). That case has not been cited subsequently

17 in the Ninth Circuit.[3] Moreover, the source relied on in that case clarifies: "Although there is no

18 absolute privilege for tax returns, there is a valid public policy against their disclosure and they

---

[2] *See, e.g.*, *Shearson Lehman Hutton v. Lambros*, 135 F.R.D. 195, 198 (M.D. Fla. 1990).

[3] Outside the Ninth Circuit, *Detweiler Bros.* has only been cited once in a case involving the discoverability of tax returns. *See Biliski v. American Live Stock, Inc.*, 73 F.R.D. 124 (W.D. Ok. 1977) (holding no privilege against disclosure of tax return of litigant who himself tenders an issue as to the amount of his income).

ORDER RE: DEFENDANT CITY OF SEATTLE'S
MOTION TO COMPEL DISCOVERY RESPONSES
PAGE -3

01 should not be ordered disclosed except where the litigant has himself tendered an issue as to the

02 amount of his income." 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

03 *Procedure* § 2008, at 108-09 (2nd ed. 1994).

04    Here, plaintiff objected to the production of her tax returns because no wage or income

05 loss claim is being made. (Dkt. 28-2, at 11.) Defendant asserts the tax returns are relevant

06 "because they may identify prior employment, which may lead to the possible identity of additional

07 witnesses or other relevant information." (Dkt. 27-1, at 2.) However, this relevance argument

08 is vague and the scope of the request overly broad, seeking ten years of tax returns: from 1996

09 (five years preceding the incident at issue in this lawsuit) until 2006.[4] Nor does the Court find a

10 compelling need for the materials sought. In *Aliotti*, the Northern District of California denied a

11 motion to compel production of the plaintiff's tax returns because less intrusive means existed by

12 which the needed information could be obtained. 217 F.R.D. at 498. The court found the

13 potential use of focused interrogatories to strike the correct balance between allowing the

14 defendant discovery and requiring the plaintiff to reveal personal information, much of which was

15 irrelevant to the claim. *Id.* This solution applies as well to the present case. Interrogatories could

16 be propounded to plaintiff, requesting a list of possible witnesses and an explanation as to the

17 apparent discrepancy between plaintiff's claim of unemployment and discovery reflecting that she

18 owned a business. Further, as noted in *Aliotti*, if plaintiff's responses to such interrogatories were

---

[4] Defendant did note that plaintiff, while claiming to be unemployed, provided discovery showing she owned a business at the time of the alleged incident. This raises the possibility that tax returns are being sought for impeachment purposes. *See* Fed. R. Civ. P. 26 advisory committee notes, 2000 Amendment ("[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable"). However, the Court does not find this a potentially strong argument for relevance.

ORDER RE: DEFENDANT CITY OF SEATTLE'S
MOTION TO COMPEL DISCOVERY RESPONSES
PAGE -4

01 found to be untruthful or incomplete, defendant has the option of renewing the motion to compel.

02 *Id.*

03 B.     Sanctions

04    Under Rule 37(a)(4)(A), the Court may impose sanctions on the party whose conduct

05 necessitated the motion, unless, among other circumstances, the nondisclosure was substantially

06 justified.  In the present case, during the intervening time between receiving the discovery requests

07 and actual compliance, plaintiff had some contact with defendant, provided some reasons for

08 delays, and attended a "meet and confer" on December 16, 2005.  Moreover, plaintiff's counsel

09 indicates that he left a voice mail the morning following the deadline, indicating that discovery

10 responses were forthcoming. Plaintiff thereafter submitted her responses to the discovery request

11 shortly after defendant filed their motion to compel.  Also, as indicated above, plaintiff legitimately

12 objected to the request for tax returns.  Although plaintiff has not been a model of promptness to

13 this point, the Court does not consider sanctions appropriate "because the untimeliness was minor

14 and because neither side was ultimately prejudiced." *Aliotti*, 217 F.R.D. at 499.

15                    IV.  CONCLUSION

16    For the reasons described above, Defendants' motion to compel discovery responses and

17 request for award of sanctions are DENIED.

18    DATED this  27th  day of  February , 2006.

19

20                    /s/ Mary Alice Theiler
                       Mary Alice Theiler
                       United States Magistrate Judge

21

22

ORDER RE: DEFENDANT CITY OF SEATTLE'S
MOTION TO COMPEL DISCOVERY RESPONSES
PAGE -5